**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **ARTURO JIMENEZ**<br><br>     Plaintiff,<br>v.<br><br>**SRD INC., MJCI SHARES LLC., MJCI REAL ESTATE HOLDING LLC., DOS GRINGOS, INC., MJCI CANTINA LTD., MJC CANTINA LLC., and MERCADO JUAREZ CAFÉ INC.**<br><br>     Defendants. | CA NO._____<br><br><br><br>Jury Demanded |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. PRELIMINARY STATEMENT

1.1.  Plaintiff demands a JURY TRIAL in this employment discrimination case as to any and all issues triable to a jury. Plaintiff alleges Defendants SRD INC., MJCI SHARES LLC., MJCI REAL ESTATE HOLDING LLC., DOS GRINGOS, INC., MJCI CANTINA LTD., MJC CANTINA LLC., MERCADO JUAREZ CAFÉ INC., discriminated against Plaintiff when Defendants SRD INC., MJCI SHARES LLC., MJCI REAL ESTATE HOLDING LLC., DOS GRINGOS, INC., MJCI CANTINA LTD., MJC CANTINA LLC., MERCADO JUAREZ CAFÉ INC., took adverse personnel actions against Plaintiff.

1.2  COMES NOW, ARTURO JIMENEZ, (hereinafter referred to as "Plaintiff") complaining of and against SRD INC., MJCI SHARES LLC., MJCI REAL ESTATE HOLDING LLC., DOS GRINGOS, INC., MJCI CANTINA LTD., MJCI CANTINA LLC.,

MERCADO JUAREZ CAFÉ INC., (hereinafter referred to as "Defendants"), and for cause of action respectfully shows the court the following:

## 2. PARTIES

2.1. Plaintiff is an individual who resides in Grand Prairie, Dallas County, Texas. Plaintiff was an employee of Defendants.

2.2. Defendant SRD Inc., is an employer located in Tarrant, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 20 regular employees and may be served by serving its registered agent Brad Jenkins, 125 E. Interstate 20, Arlington, Texas 76018. This Defendant was listed as Plaintiff's employer on Plaintiff's paycheck and on Plaintiff's year end W-2 IRS tax forms.

2.3. Defendant MJCI Shares LLC., is an employer located in Tarrant, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 20 regular employees and may be served by serving its registered agent David Cox at 1651 East Northside, Fort Worth, Texas 76106. This Defendant was listed as the parent company to other organizations listed as Defendant on Plaintiff's year-end tax forms. Defendant listed Plaintiff as a managing member and director.

2.4. Defendant MJCI Real Estate Holdings LLC., is an employer located in Tarrant, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 20 regular employees and may be served by serving its registered agent David Cox at 125 E. Interstate 20, Arlington, Texas 76018. This Defendant listed Plaintiff as receiving income on year-end tax forms.

2.5. Defendant Dos Gringos, Inc., is an employer located in Tarrant, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and

employs more than 20 regular employees and may be served by serving its registered agent David Cox at 1651 East Northside, Fort Worth, Texas 76106. This Defendant was listed as the restaurant division.

2.6.   Defendant MJCI Cantina LTD., is an employer located in Tarrant, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 20 regular employees and may be served by serving its registered agent David Cox at 1651 East Northside, Fort Worth, Texas 76106. This Defendant paid Plaintiff a portion of his valued shares upon Plaintiff's separation of employment. This Defendant listed Plaintiff as receiving income and interest on year end tax forms.

2.7.   Defendant MJC Cantina LLC., is the general partner of MJCI Cantina LTD with its principal place of business to be found at 1651 East Northside, Fort Worth, Texas 76106. This Defendant can be served by serving its President David Cox at the same location. This Defendant listed Plaintiff as receiving income and interest of year end tax forms from time to time. This Defendant is an employer located in Tarrant, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce and employs more than 20 regular employees.

2.8.   Defendant Mercado Juarez Café Inc., is an employer located in Tarrant, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 20 regular employees and may be served by serving its registered agent David Cox at 125 E. Interstate 20, Arlington, Texas 76018.

2.9.   Defendant MJCI Cantina LTD, MJC Cantina LLC, MJCI Real Estate Holdings, LLC, MJCI Shares, LLC and Mercado Juarez Café, Inc. required Plaintiff to sign a release

when forcing Plaintiff to only accept a small fraction of the value of the shares he earned from Defendants.

2.10. Defendants at all times acted as a single integrated enterprise with regard to Plaintiff's employment. Defendants' paying of Plaintiff, providing him with tax forms, human resource issues, parent company information, existing as a releasing entity and paying Plaintiff only a portion of his shares are all so convoluted as to be acting as one employer.

## 3.   VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendants maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and The Age Discrimination in Employment Act, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to The Age Discrimination in Employment Act, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to The Age Discrimination in Employment Act, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and The Age Discrimination in Employment Act, as amended.

3.6. Compensatory damages may be awarded pursuant to The Age Discrimination in Employment Act, as amended.

## 4.   STATEMENT OF CASE

4.1. Plaintiff is over 40 and in a protected class. Plaintiff is 58 years old.

4.2. Plaintiff worked for Defendants for 32 years. Plaintiff worked his way up in the business from waiter to ultimately having an ownership interest in the company.

4.3. Defendants terminated Plaintiff.

4.4. Defendants terminated Plaintiff after 32 years of loyal employment because they alleged Plaintiff had an interest in another restaurant business. This reason was false and not legitimate. In fact, long before Plaintiff's termination, he made Defendants aware through, but not limited to, President Dave Cox, that Plaintiff was helping his father in his business when his father was too ill to work. Defendants <u>expressly waived</u> any alleged conflict, competition or moonlighting issue.

4.5. Defendants tried to also say Plaintiff was lucky he was not fired for using an air conditioning vendor for his house. That is not legitimate, either. Most managers used this vendor for personal use with Defendants' knowledge. Defendants <u>expressly waived</u> any alleged conflict or other alleged negative issue.

4.6. Defendants replaced Plaintiff with someone significantly younger than him. Defendants also failed to give Plaintiff his own store. Defendants gave the store Plaintiff should have gotten as next senior manager to an individual significantly younger than him. Plaintiff trained this significantly younger individual.

4.7. Defendants treated Plaintiff less favorably than significantly younger employees and comparators.

4.8. Defendants illegally fired Plaintiff because at his age and seniority he was eligible for a large payout on his shares. Recent employees, all over 40, had left the company and caused the company to make large share payouts. The company was even forced to pay employees over 40 out in increments because of the high value of the shares.

4.9. Defendants illegitimate firing of Plaintiff was motivated because of his age. If Plaintiff retired, Defendants would have to pay Plaintiff the entire share amount. If Defendants made up a reason to fire Plaintiff, they could illegally try and get away without paying him the full amount he had earned over the many years.

4.10. Defendants have never provided Plaintiff with any kind of settlement release or language complying with the Age Discrimination in Employment Act, as amended, as Plaintiff is over 40 years old. Therefore, these claims are not covered by any release.

4.11. Defendants discriminated against Plaintiff based on his age (over 40) in violation of the Age Discrimination in Employment Act, as amended.

## 5. TIMELINESS

5.1. Plaintiff brought this suit within 90 days from the date of receipt of the notice of his rights. It is important to note that Defendants failed to provide the EEOC with the correct information about the size of its business and its employees.

## 6. ADMINISTRATIVE CONDITIONS PRECEDENT

6.1. Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 7. DAMAGES

7.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8. Attorney's Fees

8.1. Defendants' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. Prayer

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

9.1.1. Judgment against Defendants, for actual damages sustained by Plaintiff as alleged herein including benefits;

9.1.2. Judgment against Defendants, for back pay lost by Plaintiff as alleged herein;

9.1.3. Judgment against Defendants, for front pay by Plaintiff as alleged herein;

9.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5. Pre-judgment interest at the highest legal rate;

9.1.6. Post-judgment interest at the highest legal rate until paid;

9.1.7. Damages for mental pain and mental anguish;

9.1.8. Compensatory damages;

9.1.9. Attorney's fees;

9.1.10. All costs of court expended herein;

9.1.11. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

P a g e | **8**

                              Respectfully Submitted,

                              */s/ Ellen Sprovach*
                              Ellen Sprovach
                              Texas State Bar ID 24000672
                              USDC SD/TX No. 22202
                              ROSENBERG & SPROVACH
                              3518 Travis, Suite 200
                              Houston, Texas 77002
                              (713) 960-8300
                              (713) 621-6670 (Facsimile)
                              Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH

                              ATTORNEY FOR PLAINTIFF

P a g e | **8**

**PLAINTIFF'S ORIGINAL COMPLAINT**